UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JACK M. GREER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:12cv297 |
| | ) |
| GRANT COUNTY SHERIFF DARREL L. | ) |
| HIMELICK (in his official capacity), | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendant[1], Grant County Sheriff Darrel L. Himelick ("Himelick") on October 21, 2013. Plaintiff, Jack M. Greer ("Greer"), filed his response on December 31, 2013, to which Himelick replied on February 7, 2014. On February 18, 2014, Greer filed a sur-response, and on February 28, 2014, Himelick filed a sur-reply.

For the following reasons, the motion for summary judgment will be granted.

---

[1] This case began with nine defendants: Darrel Himelick, Randy Albertson, Cathy Lee, K. Nicholson, Nanette Brankle, Dr. Stephen Cullinan, John/Jane Does, Health Professionals Ltd. and Theresa Sullivan. On November 27, 2012, Nanette Brankle and K. Nicholson were dismissed pursuant to the plaintiff's motion. On January 18, 2013, the plaintiff filed an Amended Complaint in which the Jane/John Does were named, effectively terminating Jane/John Does. On January 23, 2014, pursuant to a Joint Stipulation of Dismissal with Prejudice, Dr. Stephen Cullinan and Health Professionals Ltd were also dismissed from this case. On October 25, 2013, defendant Theresa Sullivan filed a motion to dismiss for lack of prosecution. In his response to this motion, the plaintiff stated that he has determined that he will no longer be proceeding against this defendant. Accordingly, the motion to dismiss will be granted. Additionally, in his response brief to the motion for summary judgment filed by Darrel Himelick, Randy Albertson and Cathy Lee, the plaintiff indicated in a footnote on page two that "Plaintiff abandons the claims made against Defendant Albertson and Defendant Lee and agrees to the dismissal of those Defendants." These two defendants will be dismissed without further ado. Accordingly, the current order will only address the claims made against the remaining defendant, Darrel Himelick.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

Greer was incarcerated at the Grant County Jail from January 27, 2011 through March 14, 2011. On or about January 27, 2011, Marion Police went to Greer's house and retrieved a bag of his medication to take to the jail. Within the bag of medication was Greer's prescription for Hydrocodone 5/Acetaminophen ("Vicodin") 500mg. Greer was prescribed to take 2 tablets of the medication four times daily as needed for pain. Greer claims that the jail never acknowledged receipt of the Vicodin, but noted all of the other medications in the bag.

During the booking process, Greer was offered a physical by the jail physician for a fee. Greer declined the physical for several reasons: Greer did not have any money to pay for a

physical; he was already being treated by the physicians at the Veterans Administration ("VA"); and had current orders from the VA for his ongoing treatment. Greer complied with the medical intake process by signing a medical authorization releasing his records from the VA to the jail. Greer answered all questions about his current health conditions -- including his back surgery in 2000.

Within a week of his incarceration, the jail had received Greer's medical records. The records contained Greer's Radiology Reports which described Greer's severe degenerative disc disease L5-S1, degenerative changes of mild severity at the acromioclavicular and glenohumeral joints and moderately severe degenerative disc disease at C5-C6 and C6-C7. These conditions allegedly caused debilitating pain for Greer, hence his prescribed narcotic pain medication.

Greer alleges, via affidavit, that he was told from the beginning of his incarceration that he would not be permitted to take any narcotic pain medication. Throughout his incarceration Greer allegedly complained of his severe pain and made numerous verbal requests to confinement and nursing staff for his prescribed pain medication. Greer asserts that he was consistently told that the jail did not provide inmates with narcotics regardless of their health condition. Greer further states that at no time during his incarceration did he see a medical doctor. Rather, jail physicians approved a continuation of the treatment Greer had been receiving from the VA – except for the prescribed narcotic pain medication.

Greer claims that Himelick's alleged "no narcotics" policy is corroborated by the fact that the intake jail staff never even noted receipt of Greer's Vicodin, although it was in the same bag as his other medications. Furthermore, upon receipt of Greer's Active Outpatient Medications List, jail staff made 'check' marks next to the medications they would be permitting

Greer to take and completely ignored the prescription for Vicodin.

Greer further argues that the jail staff's alleged failure to document his degenerative diseases, narcotic pain prescriptions or requests for his prescribed medication are evidence of the blanket policy of the jail that no narcotic pain medication would be permitted in the Grant County Jail. Greer contends that Himelick, as Sheriff, had a non-delegable duty to ensure that the prisoners in the Grant County Jail received reasonable medical care, and that this duty was breached by the alleged "no narcotics" policy.

Greer's claims against Himelick are brought under 42 U.S.C. § 1983, for alleged violations of the Greer's rights under the Eighth Amendment. "The Supreme Court has confirmed that the infliction of unnecessary suffering through the failure to provide adequate medical care for inmates is covered by the Eighth Amendment." *King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285). "The County cannot shield itself from a § 1983 liability by contracting out its duty to provide medical services." *King*, 680 F.3d 1020 (2012).

The crucial issue in this case is whether Greer's affidavit testimony, wherein he states the jail staff were aware of his chronic pain and that he constantly complained to jail staff and medical staff about his pain, is sufficient to defeat summary judgment. Himelick points out that self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are without factual support in the record. *Buie v. Quad/Graphic Inc.,* 366 F.3d 496, 503 (7th Cir. 2004) quoting *Albiero v. City of Kankakee,* 246 F.3d 927 (7th Cir. 2001). Himelick argues that the Court has broad discretion to disregard Greer's affidavit. Himelick notes that the Court has before it the undisputed affidavits of the previously dismissed Dr.

4

Cullinan wherein Dr. Cullinan stated that there was no corporate policy practice custom or procedure of Health Professionals, Ltd. that in any way affected Dr. Cullinan's medical decisions regarding Jack Greer and that there was no such "No Narcotics Policy" at Health Professionals, Ltd., and he exercised his own independent medical judgment uninfluenced by anyone else. Furthermore, Himelick as well as the Captain and Lieutenant in their affidavits indicated they made no decisions as to medical treatments or provision of medications to jail inmates.

Greer has cited two cases in support of his position that he has presented sufficient evidence to defeat summary judgment: *Grawcock v. Hodges*, 2012 WL 3245977 (N.D. Ind. Aug. 6, 2012), and *King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012). Greer points out that in *Grawcock*, the Court stated that "If Mr. Grawcock can show that a blanket policy against narcotics might be unconstitutional under the facts supported by this record, the matter survives summary judgment." However, as Himelick notes, *Grawcock* is distinguishable because one of the defendants admitted that there was a policy against administering narcotics. Further, the Court in *Grawcock* noted that the plaintiff had filed a grievance due to not receiving his medications and, thus, the admission coupled with the grievance created a genuine disputed fact. Himelick correctly asserts that, in the present case, Greer has not produced any evidence of filing a grievance for failing to receive his medication and has also failed to produce a witness to support his allegation that there was a "no narcotics" policy at the jail.

In *King v. Kramer*, the Seventh Circuit Court of Appeals found potential liability not because there was a contract with Health Professionals, Ltd. but because the Sheriff had both actual and constructive knowledge that there was an unconstitutional policy at his jail by Health Professionals, Ltd. In *King*, the Court found that there were at least seven articles published by

5

the local newspaper expressing alarm over Health Professionals, Ltd.'s medication policy and that the Sheriff testified that he was aware of the discussions involving jail problems with medication distribution to inmates at the jail. The Court in *King* held that "This is enough evidence to create a question of material fact whether the County was aware at the relevant time that HPL had policies that violated inmates' constitutional rights." Again, Himelick points out that, in the present case, there is no evidence that he was aware that there were policies in existence that violated Greer's constitutional rights by either Dr. Cullinan or his employer, Health Professionals, Ltd.

Despite Greer's assertions otherwise, the law is clear in this Circuit that conclusory statements without adequate evidentiary support are not enough to defeat summary judgment. Greer relies on *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013), in support of his position that his affidavit assertions are admissible. In *Hill*, where the plaintiff was fired for three alleged angry outbursts at work, the Seventh Circuit stated "As we have repeatedly emphasized over the past decade, the term "self-serving" must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment. Hill described the three encounters in his deposition based on his personal knowledge and set forth specific facts and the district court should have considered his statements as evidence." 724 F.3d at 967-68.

Clearly, *Hill* is distinguishable. Importantly, the evidence at issue in *Hill* was deposition testimony, and not affidavit testimony. Hill was present to be cross-examined during the deposition. Additionally, Hill's testimony "set forth specific facts". Unlike the situation in *Hill*, Greer was not present for cross-examination, nor does he set forth any specific facts regarding

6

his statement. Rather, Greer simply states "I constantly complained to jail staff and medical staff about my pain, but was always told that no narcotic pain medication was permitted in the jail." Greer Aff. at 13. Such a statement is conclusory and unsupported and is insufficient to defeat summary judgment.

Accordingly, as there are no genuine issues in dispute, the Court will grant the motion for summary judgment.

## Conclusion

On the basis of the foregoing, the defendants' motion for summary judgment [DE 49] is hereby GRANTED. Further, defendant Theresa Sullivan's motion to dismiss [DE 56] is hereby GRANTED.

Entered: March 17, 2014.

s/ William C. Lee
William C. Lee, Judge
United States District Court